#26875-rev & rem-GAS

**2014 S.D. 64**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

KEVIN HAYES,                                    Appellant,

    v.

ROSENBAUM SIGNS &
OUTDOOR ADVERTISING, INC.
and ACUITY,                                     Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE ROBERT A. MANDEL
Judge

* * * *

MICHAEL J. SIMPSON
Julius & Simpson, LLP
Rapid City, South Dakota              Attorneys for appellant.

CHARLES A. LARSON
Boyce, Greenfield, Pashby & Welk, LLP
Sioux Falls, South Dakota             Attorneys for appellees.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 28, 2014

OPINION FILED **08/27/14**

#26875

SEVERSON, Justice

[¶1.]		Kevin Hayes appeals the Seventh Judicial Circuit Court's affirmance of a Department of Labor's (Department's) workers' compensation determination. We reverse and remand.

## Background

[¶2.]		Hayes injured his lower back on March 27, 2007, while working for Rosenbaum Signs. Rosenbaum and its insurer Acuity (collectively "Employer") treated the claim as compensable and paid for medical treatment. Employer then required that Hayes see Dr. Dale Anderson for an independent medical evaluation (IME) on October 4, 2007. Based on Dr. Anderson's evaluation, Employer denied further medical treatment.

[¶3.]		Hayes filed a petition for hearing on May 13, 2009, alleging entitlement to medical benefits from Employer. Employer answered denying that Hayes' work injury remained a major contributing cause to his current need for medical treatment. Hayes submitted an affidavit from his treating physician, Dr. Christopher Dietrich, who stated that the 2007 injury was a major contributing cause of his current condition and need for ongoing medical treatment. Dr. Anderson was deposed on March 30, 2010. Dr. Anderson testified that Hayes had reached maximum medical improvement and that Hayes' low back condition and need for treatment was fifty percent caused by his pre-existing low back fusion in 1991 and fifty percent by the 2007 injury. After Dr. Anderson's deposition, Employer filed an amended answer dated July 30, 2010, (amended answer) where it admitted that "Claimant's work activities are currently a major contributing cause

to his current need for medical treatment or low back pain." The Department, on August 3, 2010, dismissed the case without prejudice (order of dismissal), stating:

> The Employer and Insurer, having filed an Amended Answer, and having admitted items in controversy as set out in the Petition, and the parties having agreed that controversy or dispute no longer exists in this matter, at this time, IT IS HEREBY: ORDERED that the above-captioned matter be dismissed without prejudice.

[¶4.]     On May 2, 2011, Employer required that Hayes see Dr. Nolan Segal for an IME. Dr. Segal agreed that Hayes suffered an initial work injury, but testified that the work injury was no longer a major contributing cause of Hayes' current condition. Instead, Dr. Segal concluded that Hayes' ongoing back problems were due to a longstanding chronic condition dating back to the late 1980s. Dr. Segal based his opinion primarily on records for the period before November 2007, which Dr. Anderson previously considered, and which led to Employer's admission. Employer denied further medical treatment based upon Dr. Segal's IME. Hayes petitioned for a hearing.

[¶5.]     On April 17, 2013, the Department held a hearing to address Hayes' petition. Hayes argued that res judicata applied to prevent Employer from changing its position from its previous admittance. Hayes further argued, based on Dr. Dietrich's opinion by deposition submitted at the hearing, that the 2007 injury is and remains a major contributing cause of his current condition and need for medical treatment. Employer argued that it is not changing positions, but that Hayes' 2010 physical condition was different than his current condition, and that Hayes' work injury no longer remains a major contributing cause of his current condition. Employer further argued that res judicata does not apply to this case.

The Department agreed with Employer and found res judicata inapplicable and that Hayes failed to meet his burden of proof on causation. The circuit court affirmed the Department on October 25, 2013.

[¶6.] Hayes appeals, raising as issues (1) Whether res judicata or other equitable principles such as judicial estoppel preclude Employer's argument, and (2) Whether Hayes proved that the 2007 injury is and remains a major contributing cause of his current condition.

## Standard of Review

[¶7.] SDCL 1-26-37 governs the standard of review, stating in part that this Court "shall give the same deference to the findings of fact, conclusions of law, and final judgment of the circuit court as it does to other appeals from the circuit court." "When an issue is a question of fact, then the clearly erroneous standard applies to the agency's findings." *Vollmer v. Wal-Mart Store, Inc.*, 2007 S.D. 25, ¶ 12, 729 N.W.2d 377, 382. "We will reverse only when we are firmly convinced a mistake has been made." *Id.* However, "[w]hen an agency makes factual determinations on the basis of documentary evidence, such as depositions, the matter is reviewed de novo." *Id.* "Agency decisions concerning questions of law . . . are fully reviewable." *Grauel v. S.D. Sch. of Mines & Tech.*, 2000 S.D. 145, ¶ 7, 619 N.W.2d 260, 262.

## Analysis

[¶8.] **(1) Whether res judicata or other equitable principles such as judicial estoppel preclude insurer's argument.**

[¶9.] Ultimately, this issue rests on the legal effect of the amended answer and order of dismissal. Hayes claims that Employer's admission resolves in his favor a compensable injury under SDCL 62-1-1(7) and subsequent challenges are

barred by res judicata or judicial estoppel. Employer contends res judicata is irrelevant because its argument relates to whether Hayes' work injury remains a contributing cause of his complained current condition. In the alternative, Employer argues that Hayes cannot satisfy res judicata's or judicial estoppel's elements.

[¶10.] "Res judicata consists of two preclusion concepts: issue preclusion and claim preclusion." *Link v. L.S.I., Inc.*, 2010 S.D. 103, ¶ 34, 793 N.W.2d 44, 54 (quoting *Am. Family Ins. Grp. v. Robnik*, 2010 S.D. 69, ¶ 15, 787 N.W.2d 768, 774). Issue preclusion, also known as collateral estoppel, "bars 'a point [that] *was actually and directly in issue* in a former action and was judicially passed upon and determined by a domestic court of competent jurisdiction.'" *Id.* ¶ 36 (alteration in original) (quoting *Robnik*, 2010 S.D. 69, ¶ 18, 787 N.W.2d at 775). "Claim preclusion bars not only relitigation of issues previously heard and resolved, but also claims that could have been raised in the earlier proceeding, even though not actually raised." *Nemec v. Goeman*, 2012 S.D. 14, ¶ 16, 810 N.W.2d 443, 447 (citing *Link*, 2010 S.D. 103, ¶ 38, 793 N.W.2d at 55). *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1, 104 S. Ct. 892, 894 n.1, 79 L. Ed. 2d 56 (1984) (explaining res judicata's nuances).

[¶11.] Here, whether res judicata applies requires a determination of the legal effect of the circuit court's August 3, 2010 order of dismissal. Critical to this inquiry is that the order of dismissal was without prejudice. The phrase "without prejudice" ordinarily imports contemplation of further proceedings and the only adjudication by such judgment is that nothing is adjudged. Subsequently, the

parties are free to litigate as though the action never commenced. As such, an order to dismiss without prejudice does not constitute res judicata. *Satsky v. Paramount Comm., Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S. Ct. 2447, 2456, 110 L. Ed. 2d 359 (1990)); *Smallwood v. City & Cnty. of Honolulu*, 185 P.3d 887, 901 (Haw. Ct. App. 2008) (citation omitted). *See generally* 50 C.J.S *Judgments* § 1051 (2014) ("A judgment dismissing an action 'without prejudice' does not constitute either res judicata or collateral estoppel."). Res judicata, therefore, does not apply to the August 3, 2010 order of dismissal.

[¶12.] In the alternative, Hayes argues that judicial estoppel prevents Employer from "changing course" and arguing that Hayes' current condition is not attributable to his work injury. Employer argues that Hayes inappropriately raised this issue for the first time on appeal and in the alternative that Hayes cannot satisfy judicial estoppel's elements.

[¶13.] Upon review of the record, we note that Hayes did raise judicial admissions and estoppel, along with res judicata, in his pleadings. Further, judicial estoppel is unique in that "because judicial estoppel is intended to protect the integrity of the fact-finding process by administrative agencies and courts, the issue may properly be raised by courts, even at the appellate stage, on their own motion." *Winnebago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 573 (Iowa 2006) (citing *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990); *State v. Duncan*, 710 N.W.2d 34, 43-44 (Iowa 2006)). Thus, we address Hayes' argument.

[¶14.]    "The gravamen of judicial estoppel is not privity, reliance, or prejudice. Rather it is the intentional assertion of an inconsistent position that perverts the judicial machinery." *Canyon Lake Park, LLC v. Loftus Dental, P.C.*, 2005 S.D. 82, ¶ 34, 700 N.W.2d 729, 738 (quoting Rand G. Boyers, Comment, *Precluding Inconsistent Statements: The Doctrine of Judicial Estoppel*, 80 Nw. U. L. Rev 1244, 1249 (1986)). Because judicial machinery takes many forms, judicial estoppel applies to judicial as well as quasi-judicial proceedings. *See Winnebago*, 727 N.W.2d at 573-74; *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 604 (9th Cir. 1996); *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72 (2d Cir. 1997) ("Ascertaining the truth is as important in an administrative inquiry as in judicial proceedings.").

[¶15.]    We generally consider the following elements when deciding whether to apply judicial estoppel: "the later position must be clearly inconsistent with the earlier one; the earlier position was judicially accepted, creating the risk of inconsistent legal determinations; and the party taking the inconsistent position would derive an unfair advantage or impose an unfair detriment to the opponent if not estopped." *Canyon Lake Park, LLC*, 2005 S.D. 82, ¶ 34, 700 N.W.2d at 737 (quoting *Watertown Concrete Prods., Inc. v. Foster*, 2001 S.D. 79, ¶ 12, 630 N.W.2d 108, 112-13). *See also Wilcox v. Vermeulen*, 2010 S.D. 29, 781 N.W.2d 464 (discussing equitable estoppel principles).

[¶16.]    First, we address whether Employer took inconsistent positions. Employer's amended answer on July 30, 2010, admitted: "[c]laimant's work activities are currently a major contributing cause to his current need for medical treatment or low back pain." On August 3, 2010, the Department accepted

Employer's amended answer and subsequently dismissed the case. Thus, as of July 30, 2010, Employer's position, which was judicially accepted on August 3, 2010, was that Hayes' work activities were at that time a major contributing cause to his current need for medical treatment.

[¶17.] On March 2, 2011, Employer required that Hayes see Dr. Segal for another IME. Dr. Segal testified that Hayes' 2007 injury did not remain a major contributing cause of Hayes' current need for treatment. In arriving at that conclusion, Dr. Segal reviewed the same records that Dr. Anderson reviewed. Dr. Segal, however, disagreed with Dr. Anderson's position and arrived at a different conclusion. Dr. Segal concluded that as of November 6, 2007, 100 percent of Hayes' back problems were attributable to his pre-existing conditions.

[¶18.] Employer repeatedly emphasizes that Dr. Segal's opinion is not inconsistent because it relates to Hayes' "current" condition. However, Dr. Anderson's opinion and Dr. Segal's opinion differ at one significant point in time— August 3, 2010—the date Employer's admission in its amended answer was judicially accepted by the Department. Employer's positions were inconsistent because Dr. Segal's position that 100 percent of Hayes' back problems were attributable to his pre-existing conditions directly contradicted Dr. Anderson's position that fifty percent of Hayes' back problems were attributable to his pre-existing conditions and fifty percent attributable to his work injury.

[¶19.] Employer argues that "doctors disagree." But, unique here is how Employer accepted Dr. Anderson's position, amended its answer due in part to his

opinion, and the Department judicially accepted that position by dismissing the lawsuit. Those facts go beyond doctors simply disagreeing.

[¶20.] Further, we do not feel that it is the intent of workers' compensation statutes to allow employers to retain new experts to derive new positions based on the same facts contrary to what was previously admitted and judicially accepted, and have the employee again, and continually, bear the burden of proving what was previously settled by agreement or action under SDCL 62-7-12. Yet, that is what Employer seeks here. Judicial estoppel, however, prevents Employer from intentionally asserting an inconsistent position that would pervert the judicial machinery.

[¶21.] The Iowa Supreme Court has addressed judicial estoppel in the workers' compensation context. In *Winnebago*, an employee sought alternate care because the employer did not authorize the employee's recommended surgery. 727 N.W.2d at 569-70. In its answer and at a hearing, the employer did not dispute liability for employee's injury, likely in order to direct care. *Id.* at 570. The deputy commissioner who oversaw the dispute granted the employee's request. *Id.* In a later hearing over disputed benefits, the deputy commissioner cited the alternate-care proceedings as establishing liability. *Id.* The employer appealed. *Id.* Ultimately, the Iowa Supreme Court held that judicial estoppel, in that case, prevented the employer from admitting liability for the purpose of directing care but then rejecting a broader application of that admission to challenge liability. *Id.* at 575. In *Tyson Foods, Inc. v. Hedlund*, 740 N.W.2d 192, 199 (Iowa 2007), the Iowa Supreme Court determined that an admission's effect on the case's disposition was

critical to the analysis of whether judicial estoppel applies. There, the Iowa Supreme Court held that because the admission of liability played no role in the petition's dismissal, judicial estoppel did not apply. *Id.* ("The admission of liability by Tyson Foods played no role in the dismissal of the petition by the deputy commissioner. Consequently, judicial estoppel does not apply."). In this case, like *Winnebago* and contrary to *Tyson Foods*, Employer's admission played a substantial role in the case's disposition.

[¶22.] Accordingly, judicial estoppel applies here to prevent an inconsistent position from the position admitted by Employer and judicially accepted by the Department. As a result, Employer is estopped from taking a contrary position from what was admitted, pleaded, and judicially accepted as of August 3, 2010.

[¶23.] We are not convinced that the application of judicial estoppel will have adverse effects on the way employers and insurers manage workers' compensation claims. Employer contends they would not initially treat work injuries as compensable fearing a later change in position being judicially estopped from its initial acceptance. There is a difference, though, between a claim's initial review that results in tendered benefits and what occurred here—expert testimony that led to an admission in a pleading that resulted in a dismissal.

[¶24.] **(2)** **Whether Hayes proved that the 2007 injury is and remains a major contributing cause of his current condition.**

[¶25.] First, we note that the Department relied on Dr. Segal's estopped opinion to make its causation finding. Because that was improper, the Department's May 15, 2013 order is reversed.

[¶26.] Turning now to whether Hayes proved a compensable injury as of August 3, 2010, we look to SDCL 62-1-1(7):

> "Injury" or "personal injury," only injury arising out of and in the course of the employment, and does not include a disease in any form except as it results from the injury. An injury is compensable only if it is established by medical evidence, subject to the following conditions:
>
> (a) No injury is compensable unless the employment or employment related activities are a major contributing cause of the condition complained of; or
>
> (b) If the injury combines with a preexisting disease or condition to cause or prolong disability, impairment, or need for treatment, the condition complained of is compensable if the employment or employment related injury is and remains a major contributing cause of the disability, impairment, or need for treatment;
>
> (c) If the injury combines with a preexisting work related compensable injury, disability, or impairment, the subsequent injury is compensable if the subsequent employment or subsequent employment related activities contributed independently to the disability, impairment, or need for treatment.
> . . . .

"In a workers' compensation dispute, a claimant must prove all elements necessary to qualify for compensation by a preponderance of the evidence." *Darling v. W. River Masonry, Inc.*, 2010 S.D. 4, ¶ 11, 777 N.W.2d 363, 367 (citing *Titus v. Sioux Valley Hosp.*, 2003 S.D. 22, ¶ 11, 658 N.W.2d 388, 390).

[¶27.] Considering Dr. Anderson's opinion, Employer's amended answer admitting causation, and the Department's acceptance of Employer's position on August 3, 2010, we hold that Hayes met his burden of proving by a preponderance of the evidence that his work-related activities as of August 3, 2010, were a major contributing cause of his disability. *See Orth v. Stoebner & Permann Const., Inc.*,

2006 S.D. 99, ¶¶ 42-49, 724 N.W.2d 586, 596-97 (holding claimant met his burden of proving by a preponderance of the evidence that his work-related activities were a major contributing cause of his disability based on a physician's opinion that claimant's work-related activities were fifty percent responsible for his impairment).

[¶28.] Nonetheless, Employer argues that the word "remains" in SDCL 62-1-1(7) places the burden on Hayes to prove his injuries remain a major contributing cause of his current condition. We, however, do not interpret SDCL 62-1-1(7) that way. Our statutory construction precedent is well-settled:

> The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed. Since statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject. But, in construing statutes together it is presumed that the legislature did not intend an absurd or unreasonable result. When the question is which of two enactments the legislature intended to apply to a particular situation, terms of a statute relating to a particular subject will prevail over the general terms of another statute.

*Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611 (quoting *Moss v. Guttormson*, 1996 S.D. 76, ¶ 10, 551 N.W.2d 14, 17). Further, in the workers' compensation context, "if the statute has an ambiguity, it should then be liberally construed in favor of injured employees." *Caldwell v. John Morrell & Co.*, 489 N.W.2d 353, 364 (S.D. 1992).

[¶29.] SDCL 62-1-1(7)(b) states that "[i]f the injury combines with a preexisting disease or condition to cause or prolong disability, impairment, or need for treatment, the condition complained of is compensable if the employment or employment related injury *is and remains* a major contributing cause of the disability, impairment, or need for treatment." (Emphasis added.) When SDCL 62-1-1(7) is read not in isolation but as a whole in light of other enactments, specifically SDCL 62-7-33∗, the statute's intent is not to place a continuous burden on a claimant once he or she proves a compensable injury. Instead, once claimant proves a compensable injury, SDCL 62-7-33 provides the method for a party to assert a change in condition. *See Kasuske v. Farwell, Ozmun, Kirk & Co.*, 2006 S.D. 14, ¶ 12, 710 N.W.2d 451, 455 (quoting *Mills v. Spink Elec. Co-op.*, 442 N.W.2d 243, 246) (S.D. 1989)

> (The "change in condition" which justifies reopening and modification is ordinarily a change, for better or worse in claimant's physical condition. This change may take such forms as progression, deterioration, or aggravation of the compensable condition, achievement of disabling character by a previously symptomatic complaint, appearance of new and more serious

---

∗ SDCL 62-7-33 provides:

> Any payment, including medical payments under § 62-4-1, and disability payments under § 62-4-3 if the earnings have substantially changed since the date of injury, made or to be made under this title may be reviewed by the Department of Labor and Regulation pursuant to § 62-7-12 at the written request of the employer or of the employee and on such review payments may be ended, diminished, increased, or awarded subject to the maximum or minimum amounts provided for in this title, if the department finds that a change in the condition of the employee warrants such action. Any case in which there has been a determination of permanent total disability may be reviewed by the department not less than every five years.

features, such as discovery of a disc herniation in a back case, failure to recover within the time originally predicted, and superimposition or worsening of a neurotic condition.).

Thus, if a claimant proves a compensable condition under SDCL 62-1-1(7) and the employer subsequently feels claimant's condition no longer "*remains* a major contributing cause of the disability, impairment, or need for treatment[,]" SDCL 62-1-1(7)(b), the employer may assert a change-of-condition challenge under SDCL 62-7-33 where it bears the burden of proof. *Kasuske*, 2006 S.D. 14, ¶ 12, 710 N.W.2d at 455 (citing *Sopko v. C & R Transfer Co.*, 1998 S.D. 8, ¶ 12, 575 N.W.2d 225, 230) . *See In re Hiscoe*, 786 A.2d 96, 102 (N.H. 2001) (analyzing under change in condition whether petitioner's original work-related injury had resolved and petitioner's continued disability was related to a pre-existing degenerative disc disease). *See generally* 8 Larson's Workers' Compensation Law, § 131.03[1][d] (2010)

> ([I]f the industrial disease progresses from a partial cause contributing to claimant's total disability, to a cause capable alone of accounting for total disability, this may qualify as a change in condition. . . . The reverse of this pattern is also possible. That is, the preexisting disease may progress to the point where it could alone account for total disability, while the results of the compensable accident diminished to the point where they made no significant contribution to the disability).

## Conclusion

[¶30.]     In sum, because Dr. Anderson's opinion was adopted by Employer and judicially accepted by the Department through its August 3, 2010 order of dismissal, Employer is judicially estopped from taking an inconsistent position. Because the Department's May 15, 2013 order and subsequent causation findings were based on an estopped position, we reverse and remand. Based on the facts presented, Hayes met his burden of proving by a preponderance of the evidence that

his work-related activities as of August 3, 2010, were a major contributing cause of his disability. Employer may assert that Hayes' condition changed after August 3, 2010, and his condition no longer "*remains* a major contributing cause of the disability, impairment, or need for treatment." SDCL 62-1-1(7). To argue that, Employer must assert a change in condition under SDCL 62-7-33 where it, not Hayes, bears the burden of proof.

[¶31.]     KONENKAMP, ZINTER and WILBUR, Justices, and MILLER, Retired Justice, concur.

[¶32.]     MILLER, Retired Justice, sitting for GILBERTSON, Chief Justice, disqualified.