#27918-a-GAS

2017 S.D. 14

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

MARVIN RICHARD BINGHAM,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
BROWN COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE TONY L. PORTRA
Judge

* * * *

MARTY J. JACKLEY
Attorney General

JOHN M. STROHMAN
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
                                        and appellee.


CHRISTOPHER D. DOHRER
Aberdeen, South Dakota                    Attorney for defendant
                                        and appellant.

* * * *

CONSIDERED ON BRIEFS
MARCH 22, 2017
OPINION FILED 04/12/17

#27918

SEVERSON, Justice

[¶1.]        Marvin Bingham pleaded guilty to sexual contact with a child under the age of sixteen, which carries a mandatory minimum sentence of ten years. The circuit court sentenced Bingham to ten years imprisonment. On appeal, Bingham asserts that the mandatory minimum sentence under SDCL 22-22-1.2 allows the court to suspend part of the sentence or give him a probationary sentence. We affirm.

## Analysis

[¶2.]        On December 29, 2015, Bingham pleaded guilty to sexual contact with a child under the age of sixteen, in violation of SDCL 22-22-7. On June 3, 2016, the circuit court sentenced Bingham to ten years in the penitentiary. SDCL 22-22-1.2 provides:

> If any adult is convicted of any of the following violations, the court shall impose the following minimum sentences:
>
> (1) For a violation of subdivision 22-22-1(1), fifteen years for a first offense; and
>
> (2) For a violation of § 22-22-7 if the victim is less than thirteen years of age, ten years for a first offense.

The second subdivision applies to Bingham. At sentencing, Bingham asked that the court impose a "period of probation" or suspend execution of any penitentiary sentence. The circuit court indicated that it was unsure whether the statute allowed such a result or not. Bingham asserts the same arguments to this Court on appeal and asks that this Court remand for resentencing to allow the court to consider probation or a suspended execution of sentence.

[¶3.]     Normally, we review a sentence for an abuse of discretion. *See State v. Orr*, 2015 S.D. 89, ¶ 3, 871 N.W.2d 834, 835.  However, this case presents a question of statutory interpretation, which we review de novo.  *See State v. Liaw*, 2016 S.D. 31, ¶ 8, 878 N.W.2d 97, 100.  "When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." *Hayes v. Rosenbaum Signs & Outdoor Advert., Inc.*, 2014 S.D. 64, ¶ 28, 853 N.W.2d 878, 885 (quoting *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611).

[¶4.]     In this case, the minimum sentence provided for in the statute clearly means a term of imprisonment.  This Court has previously understood a minimum sentence to refer to a term of imprisonment.  In *State v. Miller,* 2006 S.D. 54, ¶ 1, 717 N.W.2d 614, 616, the defendant was convicted on two counts of sexual contact with a child under the age of sixteen.  The sentencing court in *Miller* refused to impose the mandatory minimum sentence because the defendant had not been informed of the mandatory minimum sentence when he pleaded *not* guilty. *Id.* ¶ 5, 717 N.W.2d at 617.  We determined that the court erred but found the error harmless because "Miller [still] received an effective sentence of ten years, which is the same amount of *prison time* he would have received had the circuit court imposed two consecutive five-year mandatory minimums."[1]  (Emphasis added.).

---

1.    The mandatory minimum sentence of imprisonment at the time relevant to *Miller* was five years rather than ten.  The Legislature amended SDCL 22-22-1.2 in 2006 and increased the minimum sentence in both subsections (1) and (2). *See* 2006 S.D. Sess. Laws ch. 121, § 1.

[¶5.] Bingham attempts to distinguish the language in SDCL 22-22-1.2 from other statutes that impose mandatory minimum sentences of imprisonment. Bingham notes that other statutes that impose mandatory minimums, such as SDCL 22-6-1.2 (subsequent felony sex crime) and 22-42-3, -7, and -19 (controlled substances), include language such as "minimum sentence of imprisonment" or "sentence in the state penitentiary." Thus, according to Bingham, the absence of such language in SDCL 22-22-1.2 indicates intent by the Legislature to allow a sentence other than imprisonment. Bingham also points out that other statutes explicitly prohibit or permit the court to suspend a mandatory minimum sentence or grant probation. *See* SDCL 22-6-1.2 (emphasis added) ("The court *may* suspend a portion of the prison sentence required under this section."); SDCL 22-42-2 (emphasis added) ("A first conviction under this section shall be punished by a mandatory sentence in the state penitentiary of at least one year, which sentence may *not* be suspended. Probation, suspended imposition of sentence, or suspended execution of sentence may *not* form the basis for reducing the mandatory time of incarceration required by this section."). Again, because SDCL 22-22-1.2 is silent, Bingham believes that it must allow suspension or a probationary term.

[¶6.] Bingham's arguments are unconvincing. The absence of legislative permission or prohibition in this statute cannot be construed as indicating a default position of permission to grant probation or suspend a sentence under SDCL 22-22-1.2. This is because the Legislature has been inconsistent and expressly done both—it has granted express permission to suspend a mandatory minimum sentence *and* prohibited the same. In addition, SDCL 22-22-1.4 provides that a

court may impose a sentence other than that which is required by SDCL 22-22-1.2 "if the court finds that mitigating circumstances exist which require a departure from the mandatory sentence[.]"[2] *See Hayes*, 2014 S.D. 64, ¶ 28, 853 N.W.2d at 886 ("Since statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject."). If the court were already free to impose probation or suspend all or part of the minimum sentence, then there would be no need for the statute allowing for mitigating circumstances and requiring that they be in writing.

[¶7.] Furthermore, Bingham has failed to provide an example of any place within our laws that imposes a required amount of time on probation. Nor has he indicated that any other state has a law that requires a "minimum sentence" with respect to a term of probation. It was not until 2013 that the South Dakota Legislature indicated that probation may be a sentence. *See* SDCL 22-6-11 ("The sentencing court shall sentence an offender . . . to a term of probation. . . . The sentencing court may impose a sentence other than probation[.]"). And "[t]his [C]ourt has ruled that probation is an alternative to sentencing, not an actual sentence." *State v. Macy*, 403 N.W.2d 743, 745 (S.D. 1987). Accordingly, we are unconvinced that the minimum sentence in SDCL 22-22-1.2 allows for a term of

---

2. SDCL 22-22-1.4 provides in full:

    The sentencing court may impose a sentence other than that which is required by §§ 22-22-1.2 and 22-6-1.2 if the court finds that mitigating circumstances exist which require a departure from the mandatory sentence imposed by § 22-22-1.2 or 22-6-1.2. The court's finding of mitigating circumstances and the factual basis relied upon by the court shall be in writing.

#27918

probation rather than incarceration.  The term "minimum sentences" in SDCL 22-22-1.2 refers to required prison terms.  We affirm.

[¶8.]        GILBERTSON, Chief Justice, and ZINTER, WILBUR and KERN, Justices, concur.