ZINTER, Justice
(dissenting).
[¶19.], The Court’s interpretation of a statute today requires the removal of a comma and the addition of words to the text. The Court states that it is guided by the purpose of a general act rather than the statutory language we must interpret. Using an act’s general purpose to change text is a breathtaking proposition. It-should be so because, as this case demonstrates, the Court’s interpretation makes other statutory language meaningless; it is based' on a “guiding purpose” that is necessarily contrary to the purpose of the language that is being construed; and it eschews well-accepted" rules of statutory and grammatical construction. For these reasons, I respectfully dissent.
[¶20.] In 2009, the Legislature revised South Dakota’s public records laws. See 2009 S.D. Sess. Laws eh. 10 (the Act), As codified, the general Act first defines government records that are subject to public disclosure. SDCL 1-27-1.1. It then sets forth twenty-seven exceptions. SDCL 1-27-1.5 (providing that the excepted documents are not “subject to” the public disclosure statute and are not “subject to” SDCL 1-27-1.3, the statute requiring liberal construction). The exception at issue in this dispute concerns the following kinds of documents:
Any document declared closed or confidential by court order, contract, or stipulation of the parties to any civil or criminal action or proceeding ....
SDCL 1-27-1.5(20) (emphasis added).
[¶21.] The question is whether the exception for contracts is limited to contracts *785 made by parties in civil or criminal litigation. This is a-question of standard English: is the noun “contract” modified by the trailing prepositional phrase “of the parties to any civil or criminal action or proceeding”?
[¶22.] Subdivision (20) lists three methods by which government documents become closed or confidential, and each method is separated by a comma: “court order, contract, or stipulation.” Id: The modifying prepositional phrase is attached to only the last noun, “stipulation.” Id. Under any understanding of standard English, a modifying prepositional phrase at the end of a series of parallel nouns modifies either the last noun in the series (stipulation) or all nouns in the series (court order, contract, and stipulation) — i.e., the grammatical rule, of the last .antecedent. See infra ¶ 28. Thus, if the Court is correct that the prepositional phrase modifies more than the last noun (stipulation), then the phrase must modify all three nouns, including the first (court order). But as the Coui’t correctly observes, such a result would be absurd.[4] Obviously, there can be no “court order of the parties to any civil or criminal action or proceeding.” Only a court may enter a court order. Therefore, under standard English, the modifying prepositional phrase cannot modify “contract.”
[¶23.] Nevertheless, the Argus Leader argues we should just construe the statute to have the prepositional phrase modify two (but not all three) of the listed nouns. The Argus Leader not only fails to cite any rule or understanding of English that supports its proposed ad hoc modification of a serial list of nouns, it contends the second comma in the series should be “ignored or treated as a mistake.” The Court agrees'to remove the comma between “contract? and “stipulation.” The' Court does so “guided by” the general Act’s “presumption of openness.” Supra ¶ 10. '
[¶24.] The Court must also add additional words to the statute. The only way to grammatically modify the last two of the three nouns is to not only delete the second comma, but also read the words “or by” into the text. Thus, the Court amends the statute’s text to read as follows (with its additional words'italicized and its deleted punctuation stricken):
Any document declared closed or confidential by court order, or by contract, or stipulation of the parties to any civil or criminal action or proceeding.
This type of judicial “construction” is not permitted. We do not, under the guise of judicial construction, add or delete text. In re Marvin M. Schwan Charitable Found., 2016 S.D. 45, ¶ 23, 880 N.W.2d 88, 94; State v. Moss, 2008 S.D. 64, ¶ 15, 754 N.W.2d 626, 631; see also City of Deadwood v. M.R. Gustafson Family Tr., 2010 S.D. 5, ¶ 9, 777 N.W.2d 628, 632.
[¶25.] The Court’s construction also renders the word “contract” meaningless. In the context of litigation, a contract and a stipulation are the same thing: agreements of the parties. Because agreements to make documents confidential by stipulation are expressly limited to those agreements made by parties in litigation, construing that same limitation into contractual agreements adds nothing to the statute. A contractual agreement to confidentiality is a stipulation tó confidentiality. Thus, declaring a document closed or confidential by “contract” becomes meaningless and is surplusage under the Court’s construction. The Argus Leader conceded *786 this point in oral argument. We should not “assume that the Legislature intended [any] part of [this] statutory scheme be rendered mere surplusage.” See Pitt-Hart v. Sanford USD Med. Ctr., 2016 S.D. 33, ¶ 13, 878 N.W.2d 406, 411.
[¶26.] The Court contends that removing the comma is warranted by SDCL 2-14-18. Supra ¶ 9. The Court correctly notes that under SDCL 2-14-8, punctuation “shall not control or affect the construction of any provision when any construction based on such punctuation would not conform to the spirit and purpose of such provision.” (Emphasis added.) But here, the Court’s removal of the comma is not based on the spirit and purpose of such provision; i.e., the legislative exception in SDCL 1-27-1.5(20). It is based on a presumption of openness that the Court takes from other provisions in the general act. Moreover, the Legislature expressly set aside the general Act’s “presumption of openness” when it enacted the exceptions. SDCL 1-27-1 (“Except as otherwise expressly provided by statute, ... all citizens ... are authorized to examine ... public records .... ” (emphasis added)); SDCL 1-27-1.5 (“The following records are not subject to §§ 1-27-1,1-27-1.1, and 1-27-1.3 ....” (emphasis added)). By using a purpose that is necessarily contrary to the purpose of the language that is being construed, the Court disregards rather than ascertains legislative intent.
[¶27.] The Court also contends its changes to the text are warranted by the general Act’s “whole-text,” which includes the “presumption of openness.” Supra ¶ 10 (citing Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 167-169 (2012)). In my view, the Court misapplies the “whole-text” canon authority it cites. The Legislature enacted the exceptions for the purpose of limiting the general rule of openness. See SDCL 1-27-1.5 (“The following records are not subject to §§ 1-27-1, 1-27-1.1, and 1-27-1.3 .... ” (emphasis added)). Therefore, in the words of the Court’s own authority, focusing on the purpose of the general act rather than the limiting exception abuses the whole-text canon. See Scalia & Garner, supra, at 168. “[Limitations on a statute’s reach are as much a part of the statutory purpose as specifications on what is to be done.” Id. “It is not a proper use of the [whole-text] canon to say that since the overall purpose of the statute is x, any interpretation of the text that limits the achieving of x must be disfavored.” Id. But that is exactly how the Court uses the whole-text canon to construe the exception,[5] a use we have also expressly rejected. In re Expungement of Oliver, 2012 S.D. 9, ¶ 9, 810 N.W.2d 350, 352 (“[I]t is inappropriate to select one statute on a topic and disregard another statute which may modify or limit the effective scope of the former statute.”).
[¶28.] This case should be resolved using standard English. We should apply the well-accepted rule of the last antecedent: “[I]t is the general rule of statutory as well as grammatical construction that a modifying clause is confined to the last antecedent unless there is something in the subject matter or dominant purpose which requires a different interpretation.” Kaberna v. Sch. Bd. of Lead-Deadwood Sch. Dist. 40-1, 438 N.W.2d 542, 543 (S.D. *787 1989) (emphasis added). Here, the express purpose of SDCL 1-27-1.5 is to exclude certain government documents from the general presumption of openness, a purpose that is consistent with the exception. Therefore, we should hold that the phrase “of the parties to .any civil or criminal action or proceeding” modifies only “stipulation,” the last antecedent. It is only by using this usual and ordinary understanding of the English language that we avoid making changes in punctuation and text; avoid creating absurdities; and avoid rendering other-text meaningless. ■
[1129.] The Argus Leader argues the exception in SDCL 1-27-1.5(20) is a bad law that was poorly drafted and needs revision. But under our Constitution, it is not this Court’s role to fix poorly drafted statutes — the “power to fix statutes substantively would give the Judicial Branch too much leeway to prefer its views about what makes for ‘good’ laws over those of the Legislative Branch.” Jaskolski v. Daniels, 427 F.3d 456, 462 (7th Cir. 2005).
[1130.] “Contract” means “contract.” Because -the Legislature authorized government entities to enter into confidential settlement contracts without having to start a lawsuit, we should affirm the circuit court. The Argus Leader’s request to change the punctuation and text of the statute should be made to the Legislature, not the courts.

. When using canons of construction to interpret statutes together, we should do so in a way that does not lead to “an absurd or unreasonable result,” See Hayes v. Rosenbaum Signs & Outdoor Advert., Inc., 2014 S.D. 64, ¶ 28, 853 N.W.2d 878, 885.

. The Court also attempts to justify its use of the whole-text canon by noting that SDCL 1-27-1.3 requires courts to liberally construe the Act. See supra n.3 (citing SDCL 1-27-1.3). But SDCL 1-27-1.3 does not apply. The Legislature specifically provided that the exceptions in SDCL 1-27-1.5 "are not subject to” SDCL 1-27-1.3. Moreover, even if liberal construction were required, liberal construction does not justify a court’s removal of punctuation and addition of text.