#28386-a-SLZ
**2018 S.D. 68**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

   v.

SHANE EDWARD JOHNSEN,                    Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
HAND COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JON R. ERICKSON
Retired Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

QUINCY R. KJERSTAD
Assistant Attorney General          Attorneys for plaintiff
Pierre, South Dakota                and appellee.


CASEY N. BRIDGMAN                   Attorney for defendant
Wessington Springs, South Dakota    and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS ON
AUGUST 27, 2018
OPINION FILED **09/26/18**

ZINTER, Justice

[¶1.]        A truck driver appeals his conviction of operating an overweight truck

on a bridge.  The circuit court rejected his argument that the truck was not subject

to the weight limit posted for the bridge, denied his request for a jury trial, and

denied his motion to dismiss under the 180-day rule.  We affirm.

*Facts and Procedural History*

[¶2.]        The facts of this case are not in dispute.  On October 1, 2016, Shane

Johnsen was hauling soybeans in a grain truck owned by his brother and employer.

Johnsen was driving the truck from a field where the soybeans were being

harvested to a grain elevator less than 50 miles away.  Johnsen drove the truck over

a bridge with statutorily authorized signage limiting the weight on the bridge to 33

tons or 66,000 pounds.

[¶3.]        A highway patrolman observed Johnsen cross the bridge and initiated

a traffic stop to check the truck's weight.  It weighed 87,000 pounds, which exceeded

the posted limit for the bridge by 21,000 pounds.  The overweight offense subjected

Johnsen to a criminal fine (Class 2 misdemeanor) and a civil penalty (75 cents per

pound overweight).  *See* SDCL 32-22-48; SDCL 32-22-55.  The patrolman issued

Johnsen a ticket, released him, and notified him to appear in court on November 22,

2016.

[¶4.]        The November 22 hearing was canceled, and after multiple

continuances, Johnsen made his first court appearance at a motions hearing on July

10, 2017.  Johnsen moved to dismiss, contending his truck was not subject to the

posted weight limit for the bridge.  He relied on a statute that affords a 10%

overweight tolerance or exemption for vehicles "hauling agricultural products from a harvesting combine to the point of first unloading[.]" *See* SDCL 32-22-42.2. Johnsen also requested a jury trial. The circuit court denied both motions. In denying the motion for a jury trial, the court assured Johnsen that a jail sentence would not be imposed.

[¶5.]     On August 8, 2017, Johnsen moved to dismiss the case again, claiming he was not brought to trial within 180 days from the date he received the ticket—October 1, 2016. *See* SDCL 23A-44-5.1 (authorizing dismissal of cases not brought to trial within 180 days of a defendant's first appearance before a judicial officer). The circuit court denied the motion, ruling that Johnsen's first appearance before a judicial officer occurred at the July 10 hearing, just over a month before the scheduled August 15 trial date.

[¶6.]     Following the scheduled trial, the court found Johnsen guilty of violating SDCL 32-22-48, and it imposed a $170 fine and a $15,750 civil penalty. Johnsen appeals, arguing the circuit court erred in concluding that the harvesting exemption in SDCL 32-22-42.2 did not apply. Johnsen also contends the court erred in denying his request for a jury trial and his motion to dismiss under the 180-day rule.

*Decision*

[¶7.]     Johnsen first argues the circuit court erred in finding him guilty of violating SDCL 32-22-48. He contends that vehicles qualifying for the harvesting exemption in SDCL 32-22-42.2 are not required to comply with the posted weight

limits for bridges.[1]  His argument is not based on the language of the statute under which he was convicted (SDCL 32-22-48).  Instead, his argument is premised on the Legislature's failure to include language in SDCL 32-22-42.2 specifically indicating that the harvesting exemption *does not* apply to bridges.  By comparison, Johnsen observes that a different exemption statute—SDCL 32-22-16.3—specifically requires compliance with posted weight limits for bridges.  In Johnsen's view, the absence of similar language in SDCL 32-22-42.2 means the Legislature intended to afford the harvesting exemption to public highways *and* bridges.

[¶8.]    The State, in response, argues that it would be absurd to suggest the Legislature specifically required government entities to protect bridges by posting maximum weight limits, *see* SDCL 32-22-47, but simultaneously exempted vehicles from having to comply with those limits.  The State further argues that because SDCL 32-22-47 and -48 are the more specific statutes governing bridges, they control over SDCL 32-22-42.2, which generally allows weight tolerances on public highways and bridges.

[¶9.]    Issues of statutory interpretation are questions of law reviewed de novo.  *Expungement of Oliver*, 2012 S.D. 9, ¶ 5, 810 N.W.2d 350, 351.  "Ultimately, the purpose of statutory interpretation is to fulfill the legislative dictate.  Intent is ordinarily ascertained by examining the express language of the statute."  *State v.*

---

1.    It is not clear whether Johnsen argues the harvesting exemption provides a complete defense to an enforcement action or whether, had the circuit court applied the exemption statute, Johnsen's civil fine would have been reduced to account for the 10% tolerance that is permitted.  Regardless, the answer to either argument requires determining whether SDCL 32-22-42.2 applies to bridges with the posted weight limits as required by SDCL 32-22-47 and -48.

*I–90 Truck Haven Serv., Inc.*, 2003 S.D. 51, ¶ 8, 662 N.W.2d 288, 291. "Since statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject. But, in construing statutes together it is presumed that the legislature did not intend an absurd or unreasonable result." *Hayes v. Rosenbaum Signs & Outdoor Advert., Inc.,* 2014 S.D. 64, ¶ 28, 853 N.W.2d 878, 885.

[¶10.]     SDCL chapter 32-22 governs weight, size, and load restrictions for vehicles operating on this State's public highways. Two kinds of weight limits are included. First, SDCL 32-22-16 and -21 set forth the general maximum weights for vehicles. A tolerance or exemption is also included. SDCL 32-22-42.2 exempts vehicles from the foregoing limits if the vehicle is hauling newly harvested grain from the field to the first point of unloading and the weight of the vehicle is within a 10% tolerance of the general maximums. A second kind of weight limit is found in SDCL 32-22-47 and -48. The former statute requires government entities responsible for the maintenance and repair of bridges to post more restrictive weight limits for bridges unable to accommodate the general highway limits. The latter statute imposes penalties for exceeding weight limits posted for such bridges.

[¶11.]     This case concerns an alleged violation of SDCL 32-22-48 for exceeding a posted weight limit on a bridge; and the question is whether the harvesting exemption found in SDCL 32-22-42.2 applies. We note that there is nothing in the text of either statute authorizing the harvesting exemption in this case. On the contrary, SDCL 32-22-48 contains no exceptions, and SDCL 32-22-42.2 only exempts "violations not exceeding the legal limits imposed *pursuant to § 32-22-16 or*

*32-22-21*," the general weight limits for highways.  (Emphasis added.)  Thus, there is no statutory language supporting Johnsen's argument that harvesting vehicles need not comply with the posted weight limits for bridges under SDCL 32-22-47 and -48.

[¶12.]      We acknowledge that the harvesting exemption applies to *public highways* and bridges are part of a public highway.  *See* SDCL 31-1-2 (providing that bridges "erected or maintained by the public constitute a part of the public highway").  But in the more specific statutes governing weight limits for bridges, the Legislature mandated government entities to post signs limiting the maximum weight the bridge may "accommodate," and the Legislature made violations of the posted weight limit a Class 2 misdemeanor.  SDCL 32-22-47; SDCL 32-22-48.  Furthermore, to interpret the harvesting exemption to apply to bridges with posted weight limits would be contrary to the plain language of SDCL 32-22-42.2, which specifically limits the exemption to violations of SDCL 32-22-16 or 32-22-21.  Finally, such an interpretation is unreasonable and absurd because it would allow an operator to drive an 87,000-pound truck across a bridge unable to accommodate anything near that weight, an event that would pose a significant risk of damaging the bridge and potentially injuring the driver.  "[T]he purposes of the overweight provisions are to protect the roads from damage and to insure the safety of the travelling public." *State v. Geise*, 2002 S.D. 161, ¶ 42, 656 N.W.2d 30, 43–44.

[¶13.]      From the language of SDCL 32-22-42.2 and related enactments, we conclude the Legislature did not intend the harvesting exemption to authorize vehicles to ignore the posted weight limits for bridges.  After all, the Legislature

specifically provided that posting a weight limit sign is not required if the bridge "*can accommodate* motor vehicles operating [in compliance with] the [general highway] weight limit maximums provided in § 32-22-16." SDCL 32-22-47 (emphasis added). This emphasized language indicates that the Legislature was aware of this issue, and it enacted SDCL 32-22-47 and -48 to protect bridges from vehicles that comply with the maximum weight limits for highways generally but exceed the capacity of a particular bridge. Because Johnsen's vehicle exceeded the posted 33-ton limit for the bridge in question, the circuit court did not err in finding him guilty of violating SDCL 32-22-48.

[¶14.] Johnsen next argues the circuit court erred in denying his request for a jury trial. He concedes we have held that "[a] jury trial request may be denied where the offense carries no more than a six-month jail sentence and the court assures the defendant at the time of the request that no jail sentence will be imposed." *See State v. Barton*, 2001 S.D. 52, ¶ 32, 625 N.W.2d 275, 282. However, he points out that we did not foreclose the right to a jury trial when "the fine may prove to be so devastating and onerous to a defendant's business and personal life that a jury trial would be the only means to appropriately safeguard a defendant's rights." *Id.* ¶ 36 n.4. Although Johnsen argues this is such a case, he has not established how his civil fine of $15,750 differs in any material respect from the $11,425 fine in *Barton*, especially when considering the effects of inflation. Accordingly, the circuit court did not err in denying Johnsen's request for a jury trial. *See id.* ¶ 32.

[¶15.] Johnsen finally argues the circuit court should have dismissed the case pursuant to SDCL 23A-44-5.1, commonly known as the "180-day rule." SDCL 23A-44-5.1 requires that a defendant be brought to trial within 180 days "from the date the defendant has first appeared before a judicial officer on an indictment, information or complaint[.]" Certain days are excluded from the 180-day calculation under SDCL 23A-44-5.1(4). Johnsen contends that because his scheduled initial appearance date (November 22, 2016) was canceled for no fault of his own, the time began running on October 1, 2016—the date he received the ticket. He points out that after excluding 132 days required by SDCL 23A-44-5.1(4), 187 days had elapsed between the ticket and the trial.

[¶16.] Johnsen's argument is premised on an incorrect interpretation of the statutory language that triggers the commencement of the 180-day period. We have consistently held that under the language of SDCL 23A-44-5.1, the time does not commence until (1) "the defendant *appears* on a charging document" (2) "before a *judicial officer.*" *State v. Duncan*, 2017 S.D. 24, ¶ 14, 895 N.W.2d 779, 782 (emphasis added). The issuance of a ticket by a law enforcement officer is not an "appear[ance] before a judicial officer" within the meaning of SDCL 23A-44-5.1. Because there is no dispute Johnsen did not appear before a judicial officer until July 10, 2017, just over a month before the trial, the circuit court did not err in denying his motion to dismiss pursuant to the 180-day rule.

[¶17.] Affirmed.

[¶18.] GILBERTSON, Chief Justice, KERN, JENSEN, and SALTER, Justices, concur.

-7-