#26316-a-LSW
**2012 S.D. 80**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA
* * * *

ESTATE OF WALTER G. HENDERSON,
DAVID HENDERSON, PERSONAL
REPRESENTATIVE,                                          Plaintiff and Appellee,


          v.


ESTATE OF DORA R. HENDERSON,
SUSAN R. HENDRSON, PERSONAL
REPRESENTATIVE and INDIVIDUALLY,            Defendant and Appellant,


          and


ESTATE OF ANDREW M. HENDERSON,
a/k/a A.M. HENDERSON, DECEASED,
ROGER A. HUBBARD, SHARON M.
HENDERSON BOUCK and UNKNOWN
DEFENDANTS A-D,                                          Defendants.

* * * *
APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
FALL RIVER COUNTY, SOUTH DAKOTA
* * * *
THE HONORABLE JANINE M. KERN
Judge

* * * *

KENNETH E. BARKER
TIMOTHY J. VANDER HEIDE
BRADLEY P. GORDON of
Barker Wilson Law Firm, LLP
Belle Fourche, South Dakota                  Attorneys for plaintiff
                                             and appellee.


PATRICK DUFFY
Rapid City, South Dakota                     Attorney for defendant
                                             and appellant.
* * * *
                                             CONSIDERED ON BRIEFS
                                             ON OCTOBER 1, 2012
                                             OPINION FILED **11/20/12**

WILBUR, Justice

[¶1.]    Walter Henderson (Walter) brought a quiet title action to claim ownership of an undivided 30 percent interest in a mineral estate in Fall River County, South Dakota.  Following a court trial, which confirmed Walter's ownership of the mineral interest in fee, Walter's half-sister, Susan Henderson (Susan), individually and as a representative of her deceased mother, Dora Henderson's (Dora) estate, appeals to this Court arguing that Walter's cause of action is barred by the statute of limitations under SDCL 15-2-13(1) and SDCL 15-3-2.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

[¶2.]    Andrew Henderson (Andrew), the father of Walter, was the owner in fee of certain mineral interests located in Fall River County, South Dakota.  On November 6, 1973, Walter and Andrew entered into an agreement, which granted Walter an undivided 30 percent interest in Andrew's entire mineral estate subject to prior oil and gas leases as of September 18, 1972 (the Agreement).  The Agreement was signed by both Walter and Andrew and properly acknowledged by a notary public on November 14, 1973.  The language of the Agreement provides "[u]pon the request of Grantee, and without the payment of further consideration, Grantor agrees to execute and deliver to Grantee such conveyances, assignments and other instruments as may be required to effectuate the foregoing provisions of the Agreement."  The language also provides that "[t]his Agreement shall benefit and be binding upon Grantor and Grantee and their respective heirs and assigns."  As payment and consideration for his purchase of the undivided 30 percent mineral

interest, Walter delivered to Andrew a $6,000 cashier's check dated November 2, 1973.

[¶3.] Prior to the Agreement, Andrew had executed a number of oil and gas leases of his 30 percent mineral interest. Following the execution of the Agreement, Walter entered into additional oil and gas leases of his 30 percent mineral interest. Walter received lease and bonus payments as a result of the oil and gas leases that both he and Andrew negotiated. All of the oil and gas leases relating to the 30 percent mineral interest were recorded with the Fall River County Register of Deeds.

[¶4.] Walter recorded the Agreement with the Fall River County Register of Deeds on July 16, 1976, eight days after Andrew's death. In his Last Will and Testament, Andrew left Dora, Walter's step-mother, only those mineral interests and all other real and personal property Andrew owned at the time of his death. Lastly, a Decree of Settlement of Final Account of Executrix: For Final Distribution of Estate and Adjudicating Termination of Life Estates (Final Decree) was signed for the estate of Andrew Henderson on September 17, 1982. The Final Decree conveyed 70 percent of Andrew's mineral estate to his surviving wife, Dora.

[¶5.] Following Andrew's death, Dora negotiated and executed four oil and gas leases that described her 70 percent interest in Andrew's mineral estate. These leases were recorded at the Fall River County Register of Deeds as of September 21, 1979; June 2, 1980; February 7, 1985; and March 5, 1985, respectively. Dora died testate in Fall River County, on April 6, 2008, and the probate of her estate was pending at the time of trial. Susan, the daughter of Andrew and Dora and the only

heir in Dora's will, was appointed the personal representative of her mother's estate.

[¶6.] Walter filed a quiet title action in order to assert his ownership in fee of the undivided 30 percent interest in the mineral estate. Susan and other named defendants filed a joint Answer that challenged Walter's ownership to the 30 percent interest in the mineral estate and asserted counterclaims of conversion, fraud, and punitive damages. Defendants also pleaded the affirmative defenses of laches, statute of limitations pursuant to SDCL 15-2-13(1) and SDCL 15-3-2, estoppel, failure of consideration, waiver, and failure to state a claim upon which relief could be granted. Both sides moved for summary judgment and the motions were denied by the trial court. In denying Susan and other named defendants' summary judgment motion, the trial court concluded that "there is no issue of material fact upon which Defendant could prevail on her statute of limitations argument."

[¶7.] A court trial on the quiet title action was held on January 6, 2012.[1] The trial court entered judgment in favor of Walter's estate declaring Walter as the owner in fee of the 30 percent undivided mineral interest. The court concluded that Susan and the other named defendants had not pleaded a basis for their claim of ownership in the undivided 30 percent mineral interest under SDCL 21-41-14. Specifically, Susan and the other named defendants did not set forth the nature of *their* claim to the property in their Answer, but instead, they "claim[ ] all right,

---

1. Prior to trial, Walter died. His nephew, David Henderson, was named as the personal representative of Walter's estate.

title, and interest in the mineral estate because, by operation of law, Plaintiff Walter Henderson has none." As such, the trial court held that Susan and the other named defendants' Answer was legally deficient under SDCL 21-41-14 and "[t]he failure of the Defendants to state the basis for their claim of ownership in the subject property [was] fatal to their defense."[2]

[¶8.]        Susan, the only party before this Court,[3] presents the following issue on appeal: "Whether any statute of limitation applies to time-bar Walter's quiet title cause of action." Because Susan claims that Walter has no ownership interest in the 30 percent mineral interest, we first consider whether Walter has ownership of the 30 percent mineral interest for purposes of quieting title under SDCL ch. 21-41. Thus, this Court frames the issues as:

> 1.    Whether the trial court erred when it concluded that Walter was the owner in fee of the mineral interest described in the Agreement, effective November 6, 1973.
>
> 2.    Whether Walter's quiet title action is time-barred by any applicable statute of limitations.

---

2.    Susan has not appealed this ruling. Based on SDCL 21-41-14, Susan, in answering Walter's Complaint, is required to "set forth fully and particularly the origin, nature, and extent of *his [or her]* claim to the property[.]" SDCL 21-41-14 (emphasis added); *see Nelson v. Stadel*, 75 S.D. 218, 220-21, 62 N.W.2d 766, 767-68 (1954) (holding that a defendant's answer in a quiet title action was inadequate as it failed to set forth fully the origin, nature, and extent of his claim to the property).

3.    This Court notes that there are no transcripts from either of the two summary judgment hearings nor is there a transcript of the trial showing the testimony of witnesses, if any, or arguments by counsel to the trial court. "'Where the record contains no transcript, the record on appeal is confined to those pleadings and papers transmitted from the circuit court.'" *Selway Homeowners Ass'n v. Cummings*, 2003 S.D. 11, ¶ 15, 657 N.W.2d 307, 312 (quoting *Baltodano v. N. Cent. Health Servs. Inc.*, 508 N.W.2d 892, 894 (S.D. 1993)).

## STANDARD OF REVIEW

[¶9.]    "Findings of fact, whether based on oral or documentary evidence, may not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." SDCL 15-6-52(a).  Conclusions of law are reviewed under a de novo standard, "with no deference to the trial court's conclusions of law." *Detmers v. Costner*, 2012 S.D. 35, ¶ 9, 814 N.W.2d 146, 149.  "[I]n deciding a mixed question of law and fact, the standard of review for . . . the application of law to fact [ ] depends on the nature of the inquiry[.]" *Stockwell v. Stockwell*, 2010 S.D. 79, ¶ 16, 790 N.W.2d 52, 59.  "'If . . . the question requires us to consider legal concepts in the mix of fact and law and to exercise judgment about the values that animate legal principles, then the concerns of judicial administration will favor the appellate court, and the question should be classified as one of law and reviewed de novo.'" *Id.* (quoting *Darling v. W. River Masonry, Inc.*, 2010 S.D. 4, ¶ 10, 777 N.W.2d 363, 366).  "The construction and application of statutes of limitation presents a legal question that [this Court] review[s] de novo." *Masloskie v. Century 21 Am. Real Estate, Inc.*, 2012 S.D. 58, ¶ 6, 818 N.W.2d 798, 800 (citing *Jensen v. Kasik*, 2008 S.D. 113, ¶ 4, 758 N.W.2d 87, 88).

## ANALYSIS AND DECISION

[¶10.]    **1.    The trial court correctly concluded that Walter was the owner in fee of the mineral interest described in the Agreement, effective November 6, 1973.**

[¶11.]     Susan contends that SDCL 15-2-13(1)[4] is applicable to this case to time-bar Walter's quiet title cause of action. Underlying this claim, Susan argues that the Agreement between Walter and Andrew failed to produce a mineral deed resulting in a breach of the contract between Andrew and Walter. Susan further asserts that the breach of contract resulted in Walter's failure to obtain "title" to the 30 percent mineral interest. Because Walter did not obtain a mineral deed from his father within six years of the signing of the Agreement, Susan asserts that Walter is time barred under SDCL 15-2-13(1) from asserting any ownership interest in the 30 percent mineral interest.

[¶12.]     Susan also argues that, even if SDCL 15-2-13(1) does not apply, SDCL 15-3-2[5] prevents Walter from securing the relief sought in his Complaint. She

---

4.     SDCL 15-2-13(1) provides in pertinent part,

> [e]xcept where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within six years after the cause of action shall have accrued:
>
> > (1) An action upon a contract, obligation, or liability, express or implied, excepting those mentioned in §§ 15-2-6 to 15-2-8, inclusive, and subdivisions 15-2-15(3) and (4)[.]

5.     SDCL 15-3-2 provides:

> No cause of action or defense to an action founded upon the title to real property or to rents or services out of the same, shall be effectual unless it appear that the person prosecuting the action or making the defense, or under whose title the action is prosecuted or the defense is made, or the ancestor, predecessor, or grantor of such person, was seized or possessed of the premises in question within twenty years before the committing of the act in respect to which such action is prosecuted or defense made.

asserts that Walter was not seized or possessed of the right to the 30 percent mineral interest within the 20 year time period in SDCL 15-3-2, and thus, his claim is time-barred. To determine Susan's claims, we must first examine Walter's ownership interest.

[¶13.]    Under SDCL 21-41-1,[6] a quiet title action permits an individual who has an estate or interest in real property, "whether in or out of possession [of the property] and whether such property is vacant or occupied[,]" to test the validity of any adverse claims of ownership of the real property for the purpose of quieting title to the real property. SDCL 21-41-1; *Swaby v. N. Hills Reg'l R.R. Auth.*, 2009 S.D.

_____

6.    SDCL 21-41-1 provides:

> An action may be maintained by any person or persons having or claiming to have an estate or interest in or lien or encumbrance upon any real property, whether in or out of possession thereof and whether such property is vacant or occupied, against any person or persons claiming an estate or interest in or lien or encumbrance upon the same or any part thereof for the purpose of determining such adverse interest, estate, lien, or encumbrance, and against all persons who appear from the records in the office of the register of deeds, the county treasurer, clerk of courts, or other public records in the county where such land lies to have or ever to have had any estate or interest in or lien or encumbrance upon such real property or any part thereof and against personal representatives, heirs at law, devisees, legatees, and creditors of any such person or persons who may be deceased, whether such personal representatives, heirs at law, devisees, legatees, and creditors be known or unknown, and generally against all persons unknown who may have or claim to have any estate or interest in or lien or encumbrance upon such real property or any part thereof for the purpose of quieting the title to such real property and of determining such estate, interest, lien, or encumbrance, and in such action any number of persons may be joined as plaintiffs, whether holding as tenants in common, joint tenants, partners, or in severalty, where the relief demanded in the complaint is common to all of such plaintiffs.

57, ¶ 43, 769 N.W.2d 798, 816 (citing *Morse v. Pickler*, 28 S.D. 612, 134 N.W. 809, 810 (1912) (stating that "'[a]n action to quiet title may be maintained by any person having an estate or interest in land, either legal or equitable'")). The underlying rationale to a quiet title action is to

> "relieve [the individual, who is bringing the quiet title action,] from the annoyance, and his property from the damaging and depreciating effect, of the constant and standing assertion and meanace [sic] of . . . unfounded claim[s]. He is not obliged to 'suffer in silence' until such time as the adverse claimant shall see fit to formally and actively predicate judicial or other proceedings upon his claim."

*Nelson v. Stadel*, 75 S.D. 218, 220, 62 N.W.2d 766, 768 (1954) (quoting *Clark v. Darlington*, 7 S.D. 148, 63 N.W. 771, 772 (1895)).

[¶14.] A party seeking to quiet title must state in his or her complaint

> in general terms only that he has or claims title in fee to the property, or a lien upon interest therein as the case may be, which property must be described with sufficient certainty to enable an officer on execution to identify it; that the defendants are proper parties under the provisions of this chapter, and that the action is brought for the purpose of determining all adverse claims to such property and of quieting title thereto in the plaintiff, or of determining the liens or interest of all parties in and to such property, as the case may be.

SDCL 21-41-11. In answering a quiet title action, a defendant "must set forth fully and particularly the origin, nature, and extent of his claim to the property; and may set forth his rights in the property as a counterclaim and demand affirmative relief." SDCL 21-41-14.

[¶15.] "Title" is defined as "[t]he union of all elements (as ownership, possession, and custody) constituting the legal right to control and dispose of property; the legal link between a person who owns property and the property

itself[.]" *Black's Law Dictionary* 721 (3d pocket ed. 2006). Under South Dakota law, a grant of a property interest "is to be interpreted in favor of the grantee . . . ." SDCL 43-4-16. Additionally, "[a]n estate in real property . . . can be transferred only . . . by an instrument in writing, subscribed by the party disposing of the same . . . ." SDCL 43-25-1. However, "[a]s between the parties to the instrument, the recording of a deed is not necessary to [the instrument's] validity." 26A C.J.S. *Deeds* § 165 (2012) (stating that "[t]he recording of a deed has no particular efficacy as between grantor and grantee"); 66 Am. Jur. 2d *Records and Recording Laws* § 47 (2012) (stating "a contract for the purchase of realty is valid between the parties even if it is not recorded"); *see Schleuter Co., Inc. v. Sevigny*, 1997 S.D. 68, ¶ 11, 564 N.W.2d 309, 312 (stating that "the unrecorded contract for deed [for real property] was binding on the parties . . . .").

[¶16.] From this Court's review of the entire record, the trial court correctly determined that Walter was the owner in fee of the 30 percent mineral interest described in the Agreement, effective November 6, 1973. The Agreement was signed by both the grantor, Andrew, and the grantee, Walter, acknowledged, and eventually recorded. Walter paid $6,000 to Andrew as consideration for the 30 percent mineral interest. Moreover, Susan does not dispute the authenticity of the Agreement; the signatures of Andrew, as grantor, and Walter, as grantee; Walter's payment of $6,000 in consideration for the property; Andrew's conveyance of the 30 percent undivided mineral interest to Walter; the binding effect of the Agreement

on the parties to the Agreement and their heirs and assigns; or the authenticity of Andrew's Last Will and Testament and Final Decree.[7]

[¶17.] Further, the language of the Agreement provides Walter the option of requesting additional documents from Andrew to effectuate the provisions in the Agreement. Notably, however, there is nothing contained within the Agreement that mandates that Andrew give and Walter receive additional documents in order for the Agreement to be valid.

[¶18.] Lastly, while possession of the property is not required in an action governed by SDCL ch. 21-41, Walter exercised control over, and thus possession and custody, of the mineral interests when he executed a number of oil and gas leases pertaining to the 30 percent mineral interests. *See* SDCL 21-41-1 (providing that "[a]n action may be maintained by any person or persons having or claiming to have an estate or interest in or lien or encumbrance upon any real property, *whether in or out of possession thereof* and whether such property is vacant or occupied, against any person or persons claiming an estate . . .") (Emphasis added.) As further evidence, Walter received lease and bonus payments following the execution of these leases. Based on the terms of the Agreement and Susan's concessions, the trial court correctly quieted title in favor of Walter by declaring him the owner of the 30 percent mineral interest described in the Agreement.

[¶19.] **2. Walter's quiet title action is not time-barred by any applicable statute of limitations.**

---

7. Susan does not dispute that the Final Decree conveyed only 70 percent of Andrew's mineral estate to Dora and her heirs and assigns.

[¶20.]     The trial court denied Susan's summary judgment motion on the basis that "there [was] no issue of material fact upon which [Susan] could prevail on her statute of limitations argument" under SDCL 15-2-13(1) or SDCL 15-3-2. We agree.

[¶21.]     Susan incorrectly casts this action as a breach of contract, and thus, subject to the six year statute of limitations under SDCL 15-2-13(1). Susan assumes that the Agreement required Andrew to produce a deed in order for Andrew to convey to Walter the 30 percent mineral interest. The language of the Agreement did not contain such a requirement. Therefore, there could be no breach of the Agreement on that basis.

[¶22.]     Further, Susan's argument that Walter was not seized or possessed of the right to the 30 percent mineral interest within 20 years prior to the filing of the quiet title action assumes that Walter seeks ownership of the 30 percent mineral interest by adverse possession. As previously stated, the Agreement conveyed ownership in the 30 percent mineral interest to Walter. Thus, the 20 year time limitation under SDCL 15-3-2 does not apply. Because this is not a breach of contract action nor an attempt by Walter to assert his ownership interest through adverse possession, the limitation periods set forth in SDCL 15-2-13(1) and SDCL 15-3-2 are not applicable.

## CONCLUSION

[¶23.]     The trial court correctly quieted title in Walter's favor and concluded that Walter was the owner of the 30 percent mineral interest described in the Agreement, effective November 6, 1973. We affirm.

[¶24.] GILBERTSON, Chief Justice, KONENKAMP, ZINTER, and SEVERSON, Justices, concur.