#28650, #28658-aff in pt & rev in pt-MES
**2019 S.D. 50**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

BINGHAM FARMS TRUST,                          Plaintiff and Appellant,

v.

CITY OF BELLE FOURCHE,
a South Dakota Municipal
Corporation,                                  Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
BUTTE COUNTY, SOUTH DAKOTA
* * * *
MICHAEL W. DAY
Judge

* * * *

DAVID L. CLAGGETT of
Claggett & Dill, Prof. LLC
Spearfish, South Dakota                       Attorneys for plaintiff
                                              and appellant.


KELLEN B. WILLERT of
Bennett, Main, Gubbrud
 & Willert, P.C.
Belle Fourche, South Dakota                   Attorneys for defendant
                                              and appellee.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 7, 2019
OPINION FILED **08/14/19**

#28650, #28658

SALTER, Justice

[¶1.] Bingham Farms Trust (Bingham) objected to a special assessment lien levied upon its property by the City of Belle Fourche (City). The circuit court concluded that it lacked subject matter jurisdiction to determine Bingham's claims and granted the City's motion to dismiss, but denied its request for attorney fees. Bingham appeals the dismissal, and the City seeks review of the circuit court's denial of attorney fees. We reverse the circuit court's dismissal, affirm its denial of attorney fees, and remand for further proceedings consistent with this opinion.

## Background

[¶2.] On August 1, 2016, the Belle Fourche City Council conducted a public hearing to discuss, among other items, a proposed special assessment roll for nuisance abatements. The assessment roll included an assessment in the amount of $1,374.45 for vegetation removal at 903 Edmonds Street in Belle Fourche (Edmonds Street property), then owned by Juanita Bowman (Bowman). During the meeting, the Council adopted Resolution 13-2016 (the Resolution), which approved the assessment roll.

[¶3.] The Resolution stated that "unpaid assessments will be certified and filed with the Butte County Auditor on September 30, 2016." The Resolution also provided that "on October 1, 2016, assessments included in this Assessment Roll . . . that remained unpaid . . . shall be collected . . . by the Butte County Treasurer in accordance with procedure in SDCL 9-43, as amended." *See* SDCL 9-43-105 (providing, in part, that "the assessment roll shall be delivered to the county auditor not later than November first next following the date of approval or at the

-1-

expiration of the thirty-day period for prepayment without interest, whichever is later[]").

[¶4.] The Resolution was published in the Butte County Post on August 10, 2016 and Bowman had 20 days to appeal the assessment. *See* SDCL 9-43-96 and SDCL 9-43-125. However, Bowman did not appeal the assessment applied to the Edmonds Street property.

[¶5.] On January 17, 2017, Bingham purchased the Edmonds Street property from Bowman. Bingham claims it had no notice of the special assessment lien. The title commitment (dated November 10, 2016—prior to Bingham's purchase) did not show the lien. For reasons not revealed in the record, Bingham alleges it did not receive the full title insurance policy until March 2, 2017.[1] There are no dates on the cover letter, but the policy indicates a "date of policy" as January 17, 2017, and reflects the City's special assessment lien.

[¶6.] Throughout the spring and summer of 2017, Bingham attempted to obtain further information from the City about the special assessment without apparent success. Bingham was also unable to persuade the City to remove the lien based upon its claim that it lacked notice of the assessment. According to Bingham, the Butte County Treasurer would not accept its property tax payments until the lien was paid and later published Bingham's name on a list of delinquent taxpayers.

[¶7.] After providing the City with notice of its claim regarding the lien, Bingham commenced this action against the City alleging slander of title, seeking a

---

1. Bingham relies on an envelope postmarked March 2, 2017 from Black Hills Title that allegedly contained the title insurance policy.

declaration that the lien is invalid, and requesting removal of the lien from its chain of title. *See* SDCL 3-21-2 (requiring written notice of a potential claim against a public entity or employee within 180 days of the alleged injury). The City filed a motion to dismiss under SDCL 15-6-12(b)(1), contending the circuit court lacked subject matter jurisdiction because Bingham was beyond the 20-day deadline to appeal the assessment. The City alternatively filed a motion for summary judgment, alleging defects with Bingham's notice of claim under SDCL 3-21-2.

[¶8.] Bingham filed a cross-motion for summary judgment, challenging the lien under the theory that a statutory lien cannot attach to real property if it is not recorded. Bingham alleged the City failed to record the lien by September 30, 2016, as required by its Resolution or at any other time prior to its purchase of the Edmonds Street property. In its summary judgment submissions, Bingham produced a document in which the Belle Fourche City Finance Officer certified she filed the special assessment roll with the Butte County Treasurer on September 29, 2017—over nine months after Bingham purchased the Edmonds Street property and one year after the requirement stated in the Resolution. The City has not disputed the accuracy of this certification or Bingham's representations that the special assessment roll was untimely filed.

[¶9.] At a consolidated hearing on June 18, 2018, the circuit court heard arguments on the motions, which also included the City's motion for attorney fees. The court declined to consider the merits of the parties' arguments regarding enforceability of the lien and, instead, granted the City's motion to dismiss in an oral decision. The court reasoned that it lacked subject matter jurisdiction because

there was no appeal within 20 days of the Resolution's publication. The court

denied the City's motion for attorney fees, finding that Bingham had a rational

argument for bringing the claim.

[¶10.]     The parties' submissions present two issues for review:

1. Whether the circuit court erred by granting the City's motion to dismiss for lack of subject matter jurisdiction.

2. Whether the circuit court abused its discretion by denying the City's motion for attorney fees.

## Analysis

### *Subject Matter Jurisdiction*

[¶11.]     The narrow issue presented in this appeal requires us to restrict our

review to the issue of subject matter jurisdiction. In doing so, we are not

determining the merits of the parties' claims concerning the enforceability of the

City's asserted lien interest. We are, instead, deciding only the threshold question

of whether Bingham's claims can be determined by the circuit court.[2] "We review a

dismissal for lack of jurisdiction as a 'question of law under the de novo standard of

---

2.     A key distinction exists between dismissal for a lack of subject matter jurisdiction and dismissal for failure to state a claim upon which relief can be granted. *See Gould, Inc. v. United States*, 67 F.3d 925, 929 (Fed. Cir. 1995); *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 686 (Fed. Cir. 1992); *Do–Well Mach. Shop, Inc. v. United States*, 870 F.2d 637, 639-40 (Fed. Cir. 1989). A dismissal for lack of subject matter jurisdiction means that the court does not possess the authority to hear and determine the case. A dismissal for failure to state a claim is different, though, because it involves a determination on the merits that tests the legal sufficiency of the plaintiff's claims. *See Gould, Inc.*, 67 F.3d at 929; *see also Thompson v. Summers*, 1997 S.D. 103, ¶ 5, 567 N.W.2d 387, 390 (stating that "a motion to dismiss under Rule 12(b)(5) tests the law of a plaintiff's claim . . . ").

review.'" *Upell v. Dewey Cty. Comm'n*, 2016 S.D. 42 ¶ 9, 880 N.W.2d 69, 72 (citation omitted).

[¶12.] Our cases describe subject matter jurisdiction in fundamental terms as "a court's competence to hear and determine cases of the general class to which proceedings in question belong; the power to deal with the general subject involved in the action[.]" *In re Heupel Family Revocable Tr.*, 2018 S.D. 46, ¶ 25, 914 N.W.2d 571, 578 (quoting *Sazama v. State ex rel. Muilenberg*, 2007 S.D. 17, ¶ 14, 729 N.W.2d 335, 342). Therefore, "subject matter jurisdiction is dependent only upon the nature of the proceeding and the relief sought." *Sazama*, 2007 S.D. 17, ¶ 14, 729 N.W.2d at 341. The court's authority to act in a particular class of cases "is conferred solely by constitutional or statutory provisions[,]" and it cannot be "conferred on a court [or] denied to a court by the acts of the parties or the procedures they employ." *Cable v. Union Cty. Bd. of Cty. Comm'rs*, 2009 S.D. 59, ¶ 20, 769 N.W.2d 817, 825 (quoting *Application of Koch Expl. Co.*, 387 N.W.2d 530, 536 (S.D. 1986)); *see also United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d 860 (2002) (subject matter jurisdiction means the "the courts' statutory or constitutional power to adjudicate the case").

[¶13.] Here, the City's Rule 12(b)(1) motion presented what we have termed a facial attack to the circuit court's subject matter jurisdiction. *See Hutterville Hutterian Brethren, Inc. v. Waldner*, 2010 S.D. 86, ¶ 20, 791 N.W.2d 169, 174–75. The court did not consider matters outside of the pleadings and did not undertake judicial fact finding to determine the jurisdictional question. *See id.* (distinguishing between facial jurisdictional attacks that involve only an examination of the

pleadings and factual attacks, which may involve information or evidence beyond the pleadings). Instead, the court's jurisdictional decision rested upon the undisputed fact that the special assessment lien had not been appealed and the court's corresponding conclusion that Bingham's action presented only a belated challenge to the lien's existence. The circuit court may well be correct in its determination that the City's special assessment lien is not subject to collateral attack, but it does not follow that the court lacked jurisdiction to determine Bingham's principal claim that the lien is not enforceable against it under the facts as it alleges them.

[¶14.] South Dakota circuit courts are courts of general jurisdiction,[3] and we have held that our Constitution confers broad authority upon circuit courts to "hear all civil actions." *Heupel*, 2018 S.D. 46, ¶ 25, 914 N.W.2d at 578 (quoting *Christians v. Christians*, 2001 S.D. 142, ¶ 45, 637 N.W.2d 377, 386 (Konenkamp, J., concurring specially)). Included within this broad authority is the jurisdiction to hear and determine Bingham's claims regarding enforceability.

[¶15.] In this regard, Bingham's slander of title cause of action fits squarely among a specific class of cases contemplated by our Legislature:

> No person shall use the privilege of filing notices hereunder for
> the purpose of slandering the title to land and in any action
> brought for the purpose of quieting title to land, if the court
> shall find that any person has filed a claim for the purpose only
> of slandering title to such land, he shall award the plaintiff all
> the costs of such action, including attorney fees to be fixed and
> allowed to the plaintiff by the court, and all damages that

---

3. Pursuant to article V, § 1 of the South Dakota Constitution, "[t]he judicial power of the state is vested in a unified judicial system consisting of a Supreme Court, *circuit courts of general jurisdiction*, and courts of limited original jurisdiction . . . ." (Emphasis added.)

> plaintiff may have sustained as the result of such notice of claim having been filed for record.

SDCL 43-30-9.

[¶16.] So too is there authority for circuit courts to hear cases in which parties seek to resolve the efficacy of adverse claims appearing in the chain of title for their real property. Although Bingham designated its second cause of action as a claim for the "Abatement of a False Lien," it seeks the "immediate removal of such false lien from Plaintiff's chain of title." This requested relief necessarily invokes the court's power to quiet title and, if necessary, remove the cloud from Bingham's title. *See* SDCL 21-41-1 (providing a cause of action to clear the title of disputed adverse liens); *see also* 74 CJS *Quieting Title* § 1 (2019) ("Generally, equity has inherent original jurisdiction to quiet title to property . . . to seek to remove an existing cloud from a title."); *Estate of Henderson v. Estate of Henderson*, 2012 S.D. 80, ¶ 13, 823 N.W.2d 363, 367–68 (a quiet title action allows a person with an interest in real property "to test the validity of any adverse claims of ownership of the real property for the purpose of quieting title to the real property").

[¶17.] Finally, Bingham's request for declaratory relief is also within a class of cases that may be heard and determined under express statutory authority. Our Legislature's enactment of the Uniform Declaratory Judgment Act allows South Dakota courts the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." SDCL 21-24-1.

[¶18.] Constraining our review to a threshold determination of whether these claims are included among a larger class of cases a court can hear resolves the question of subject matter jurisdiction. The City's primary argument contemplates

a different analysis, suggesting support from our decision in *Upell*. There, however, we considered a separate jurisdictional question relating to a circuit court's appellate jurisdiction to review a decision by a board of county commissioners. 2016 S.D. 42 ¶ 14, 880 N.W.2d at 74. Relying upon accepted principles requiring strict statutory compliance, we held that a party adversely impacted by a county commission's decision must fulfill the service requirements of SDCL 7-8-29 in order to vest a circuit court with appellate jurisdiction. *Id.* ¶ 17, 880 N.W.2d at 75.

[¶19.]    Here, Bingham did not even own the Edmonds Street property when the City adopted the Resolution, and it is not trying to prosecute an untimely appeal. It is, instead, attempting to resist the City's effort to enforce the lien against it and to remove the lien from its chain of title. Whether Bingham will ultimately be successful requires an examination of the merits and is beyond the scope of our jurisdictional inquiry.

[¶20.]    It is possible, in this regard, that a difference exists between a lien's validity and a court's authority to hear and determine its enforceability. Here, Bingham asserts, among other things, that the City's lien was not enforceable against it because it was a good faith purchaser of the Edmonds Street property without notice of the lien which, it claims, was caused by the City's failure to timely submit the assessment roll. Without determining the correctness of these claims, it is enough to acknowledge that the concept of enforceability is a distinct area of analysis under general principles of lien law.[4]

---

4.    The Legislature enacted substantial revisions to SDCL chapter 9-43 in 2012. What impact, if any, these revisions have upon the merits of Bingham's claims can be resolved by the circuit court upon remand.

[¶21.] The City's reliance upon SDCL 9-43-125 does not change the result. Though the statute prevents actions "attacking the validity of the proceedings for special assessments[,]" it only applies to challenges "up to and including the approval of the assessment roll[.]" SDCL 9-43-125. Here, the heart of Bingham's claims is that irregularities and instances of statutory non-compliance *after the roll was approved* resulted in a failure to register the lien which, in turn, prevents the City's effort to enforce it against Bingham.

[¶22.] By accepting the City's argument and viewing Bingham's causes of action exclusively as a prohibited collateral attack on the lien, the circuit court perceived the limits of its jurisdiction too narrowly. We must, therefore, reverse the court's determination that it lacked subject matter jurisdiction because Bingham's claims involve considerations which are broader than simply challenging the creation of the lien, and the court has the authority to consider the merits of Bingham's argument that the lien is not enforceable against it. We express no opinion on this question and leave its resolution for further proceedings before the circuit court.

### *Attorney Fees*

[¶23.] "We review a trial court's ruling on the allowance or disallowance of costs and attorney fees under an abuse of discretion standard." *Johnson v. Miller*, 2012 S.D. 61, ¶ 7, 818 N.W.2d 804, 806 (quoting *Stratmeyer v. Engberg*, 2002 S.D. 91, ¶ 12, 648 N.W.2d 921, 925). "An abuse of discretion is 'a fundamental error of judgment, a choice outside the reasonable range of permissible choices, a decision, which on full consideration is arbitrary or unreasonable.'" *Wald, Inc. v. Stanley*,

2005 S.D. 112, ¶ 8, 706 N.W.2d 626, 629 (quoting *Arneson v. Arneson*, 2003 S.D. 125, ¶ 14, 670 N.W.2d 904, 910).

[¶24.]     The City appeals the circuit court's denial of its motion for attorney fees, arguing Bingham's suit lacked merit and was "frivolous." Under SDCL 15-17-51:

> [i]f a civil action . . . is dismissed or requested relief is denied and if the court determines that it was frivolous or brought for malicious purposes, the court shall order the party whose claim . . . was dismissed or denied to pay part or all expenses incurred by the party defending the matter, including reasonable attorneys' fees.

[¶25.]     Having determined the court has jurisdiction to hear and decide the merits of Bingham's claim, the provisions of SDCL 15-17-51 do not apply, and we hold that the circuit court did not abuse its discretion when it denied the City's request for attorney fees. The City also requests an award of appellate attorney fees, but, given our disposition, we decline to grant the City's request.

**Conclusion**

[¶26.]     Even if the circuit court correctly determined that it lacked subject matter jurisdiction to consider a collateral challenge to the creation of the lien upon the Edmonds Street property, it does have jurisdiction to determine the enforceability of the lien against Bingham. Its decision to dismiss the case is, therefore, reversed. Under the circumstances, the circuit court's denial of the City's request for attorney fees was not an abuse of its discretion. We remand the case for further proceedings consistent with this opinion.

[¶27.]     GILBERTSON, Chief Justice, and KERN and JENSEN, Justices, and SEVERSON, Retired Justice, concur.