#31124-a-SRJ
**2026 S.D. 13**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

JED ALLEN BRYANT,                                    Defendant,

    v.

JAY BRYANT,                                          Plaintiff and Appellee,

    and

LENORA K. BRYANT,                                    Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
MEADE COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JOHN H. FITZGERALD
Judge

\* \* \* \*

KELLEN B. WILLERT of
Bennett Main Gubbard & Willert, P.C.
Belle Fourche, South Dakota                 Attorneys for defendant and
                                            appellant Lenora K. Bryant.


PATRICIA A. MEYERS
Rapid City, South Dakota                    Attorneys for plaintiff and
                                            appellee Jay Bryant.

\* \* \* \*

CONSIDERED ON BRIEFS
FEBRUARY 10, 2026
OPINION FILED **03/04/26**

#31124

JENSEN, Chief Justice

[¶1.] Jay Bryant filed this action against his brother, Jed Bryant, to partition 40 acres of real property (the Property). Jay amended his complaint to add a claim for quiet title against Lenora Bryant, Jay and Jed's mother, after a title report showed that Lenora owned an undivided one-half interest in the Property. The circuit court bifurcated the partition and quiet title claims. Following a trial on the quiet title claim, the court entered an order quieting title in the Property in favor of Jay and Jed. The court entered a final judgment on the quiet title action pursuant to SDCL 15-6-54(b). Lenora appeals the circuit court's judgment quieting title to the Property. We affirm.

**Factual and Procedural History**

[¶2.] On October 18, 1978, the Property was conveyed to Lenora and her then-husband, Paul Bryant, by warranty deed from Paul's parents, as joint tenants with rights of survivorship. The Property is legally described as:

> Southwest Quarter of the Southwest Quarter (SW 1/4 SW 1/4) of Section Seventeen (17), Township Four (4) North, Range Seven (7) East, Black Hills Meridian, Meade County, South Dakota.

[¶3.] Paul filed for divorce on November 13, 1990. To settle the divorce, Paul and Lenora signed a stipulation, child custody, and property settlement agreement (Stipulation). The Stipulation provided that Paul would receive the Property "as his own and separate property, free and clear from any claim of [Lenora.]" In turn, Lenora would receive a different piece of real property "as her own and separate property free from any claim of [Paul.]" Additionally, the Stipulation provided "[t]hat each of the parties hereto hereby agree[] to execute any

-1-

and all documents necessary to carry into full force and effect the provisions contained in this document." The circuit court accepted and approved the Stipulation by order and incorporated it by reference into a judgment and decree of divorce on March 19, 1991. Although Lenora received the real property she was to acquire as part of the Stipulation, Lenora did not deed her interest in the Property to Paul.

[¶4.] On March 2, 1994, Paul transferred his interest in the Property to Marion Knutson by warranty deed. Jay testified at trial that Paul executed this transfer because he became ill, "wasn't exactly sure if he was going to live," and did not want "to see [the Property] get lost to medical [] debt and stuff like that due to possible surgeries[.]" However, Paul ended up living long thereafter. On March 12, 1996, Marion transferred his interest in the Property by warranty deed to Jay and Jed as joint tenants with rights of survivorship. On November 8, 2021, Paul died, leaving a written will.

[¶5.] On October 2, 2023, Jay filed suit against Jed to partition the Property. While Paul's estate was being probated, the parties discovered that Lenora had not deeded her undivided one-half interest in the Property to Paul. The circuit court subsequently entered an order permitting Jay to amend his complaint to add Lenora based upon a title report showing that she owned an undivided one-half interest in the Property. Jay filed an amended complaint asserting claims for quiet title, adverse possession, and unjust enrichment against Lenora. Subsequently, the circuit court entered an order bifurcating the quiet title action and the partition action, ordering that the quiet title action be resolved first.

[¶6.] At the court trial on the quiet title action, Lenora and Jay each testified, as well as Travis Martin, a title examiner at Black Hills Title Company. The court took judicial notice of the entire divorce file, including the decree of divorce. Additionally, Jay introduced the Stipulation and order approving the same, the 1978 warranty deed, the 1994 warranty deed, and the 1996 warranty deed as exhibits. Jed submitted the title report prepared by Martin as an exhibit. The title report showed that Lenora owned an undivided one-half interest in the Property and Jay and Jed owned an undivided one-half interest in the Property as joint tenants with rights of survivorship.

[¶7.] At the conclusion of the trial, Jay submitted proposed findings and Jed and Lenora submitted joint proposed findings. After receiving the parties' proposals, the circuit court requested the parties to respond to the question of "whether or not [j]udicial [e]stoppel has application to this matter[.]" Jay and Lenora each submitted written argument on the applicability of judicial estoppel without objection. The circuit court entered findings of fact and conclusions of law, ordering that Lenora's undivided one-half interest in the Property be extinguished and the court quieted title to the Property in Jay and Jed. The court relied upon judicial estoppel to support its ruling quieting title.

[¶8.] The parties subsequently filed a stipulation, requesting that the court enter a final judgment on the order quieting title pursuant to SDCL 15-6-54(b) (Rule 54(b)). In response, the circuit court acknowledged that the partition action remained unresolved, but provided a thorough and robust discussion of the factors supporting entry of a final judgment pursuant to Rule 54(b). The circuit court's

order comports with the requirements for Rule 54(b) certification as set forth in

*Nelson v. Estate of Campbell*, 2021 S.D. 47, 963 N.W.2d 560.

[¶9.]     Lenora appeals, raising several issues which we restate as follows:

1.     Whether the circuit court erred by failing to preclude Jay's equitable claims to quiet title to the Property.

2.     Whether the circuit court erred by quieting title to the Property in favor of Jay and Jed based upon judicial estoppel.

**Standard of Review**

[¶10.]     "The construction and application of statutes of limitation presents a

legal question that [this Court] review[s] de novo." *Estate of Henderson v. Estate of*

*Henderson*, 2012 S.D. 80, ¶ 9, 823 N.W.2d 363, 366 (citations omitted). "Findings of

fact, whether based on oral or documentary evidence, may not be set aside unless

clearly erroneous, and due regard shall be given to the opportunity of the trial court

to judge the credibility of the witnesses." SDCL 15-6-52(a). "Conclusions of law are

reviewed under a de novo standard, 'with no deference to the trial court's

conclusions of law.'" *Estate of Henderson*, 2012 S.D. 80, ¶ 9, 823 N.W.2d at 366

(citation omitted). "This Court . . . overturns a trial court's conclusions of law only

when the trial court erred as a matter of law." *In re Estate of Laue*, 2010 S.D. 80,

¶ 10, 790 N.W.2d 765, 768 (citations omitted).

**Analysis**

*Jay's quiet title claim*

[¶11.]     Lenora argues the circuit court erred by permitting Jay to proceed with

an equitable claim to quiet title because the claim is essentially an "action upon a

judgment or decree of any court of this state[,]" which is barred by the 20-year

limitations period in SDCL 15-2-6. Lenora also argues Jay cannot use equitable relief to determine her adverse claim to the Property because Jay has an adequate legal remedy available—an action to enforce the Stipulation. Underlying both of these arguments is Lenora's contention that Jay's sole legal recourse is a suit to enforce the Stipulation.

[¶12.] Lenora's claims that Jay lacks standing to commence an action to quiet title and that the action is barred by the statute of limitations are both without merit. Jay's amended complaint to quiet title against Lenora was based upon his interest in the Property as authorized by SDCL 21-41-1. An action to quiet title pursuant to SDCL 21-41-1:

> may be maintained by *any person or persons having or claiming to have an . . . interest in . . . any real property*, whether in or out of possession thereof and whether such property is vacant or occupied, *against any person or persons claiming an . . . interest in . . . the same or any part thereof* for the purpose of determining such adverse interest . . . and against all persons who appear from the records in the office of the register of deeds, the county treasurer, clerk of courts, or other public records in the county where such land lies to have or ever to have had any . . . interest in . . . such real property or any part thereof[.]

(Emphasis added.)

[¶13.] We have held that "[a]n action to quiet title may be maintained by any person having an estate or interest in land, either legal or equitable." *Swaby v. N. Hills Reg'l R.R. Auth.*, 2009 S.D. 57, ¶ 43, 769 N.W.2d 798, 816 (citation omitted). The undisputed facts in the case show that Jay, Jed, and Lenora all claim an interest in the Property by virtue of the prior deeds. As such, Jay had an interest in the Property and Lenora was a proper party defendant to the quiet title action.

[¶14.]    Regarding Lenora's statute of limitations argument, SDCL 15-2-6 provides in relevant part:

> Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within twenty years after the cause of action shall have accrued: (1) An action upon a judgment or decree of any court of this state[.]"

Lenora contends this statute is applicable because Jay is attempting to enforce the provisions of the Stipulation between herself and Paul, which was incorporated in the judgment and decree of divorce. However, Jay did not file suit to enforce the Stipulation on behalf of the Estate, but rather sought to quiet Lenora's interest in the property based upon theories of adverse possession and unjust enrichment. The court ultimately quieted title in favor of Jay based upon judicial estoppel, but none of these claims were premised on enforcing the Stipulation. Therefore, Jay's quiet title action is not barred by the 20-year statute of limitations set forth in SDCL 15-2-6, and Lenora has not identified any other basis for a claim that the quiet title action was time barred.

### *Judicial Estoppel*

[¶15.]    The circuit court quieted title in favor of Jay and Jed after determining Lenora was precluded by judicial estoppel from asserting a claim to the Property. Lenora challenges the court's factual and legal determinations underpinning its applications of judicial estoppel.*

---

*    Lenora also argues the circuit court erred by failing to apply judicial estoppel against Jay because he is asserting an inconsistent position in this quiet title action as compared to the probate. Specifically, Lenora argues that Jay asserted in the probate that there was no transfer of the Property from

(continued . . .)

[¶16.] "The gravamen of judicial estoppel is not privity, reliance, or prejudice. Rather it is the intentional assertion of an inconsistent position that perverts the judicial machinery." *Hayes v. Rosenbaum Signs & Outdoor Advert., Inc.*, 2014 S.D. 64, ¶ 14, 853 N.W.2d 878, 882 (citations omitted).

> We generally consider the following elements when deciding whether to apply judicial estoppel: "the later position must be clearly inconsistent with the earlier one; the earlier position was judicially accepted, creating the risk of inconsistent legal determinations; and the party taking the inconsistent position would derive an unfair advantage or impose an unfair detriment to the opponent if not estopped."

*Id.* ¶ 15, 853 N.W.2d at 883 (citations omitted).

### a. Findings of fact

[¶17.] Lenora argues the circuit court clearly erred in its findings of fact. While none of these findings were dispositive of the circuit court's judicial estoppel determination, they were preliminary to its recognition that Jay and Jed had a legal interest in the Property and were entitled to quiet title as against Lenora.

[¶18.] Lenora first challenges the court's findings describing Paul's transfer of the Property to Marion and Marion's subsequent conveyance to Jay and Jed.

---

(. . . continued)

Lenora to Paul, but now claims Lenora was divested of her interest in the Property. It is true that, in the probate action, Jay petitioned for the appointment of a special administrator to "pursue a claim to enforce the . . . Stipulation . . . to require Lenora . . . to [q]uitclaim her interest to the Estate of [Paul.]" But that position is not "clearly inconsistent" with Jay's position in this action so that there is a "risk of inconsistent legal determinations[.]" *Healy Ranch P'ship v. Mines*, 2022 S.D. 44, ¶ 55, 978 N.W.2d 768, 783 (citations omitted). In both actions, Jay has acknowledged that Lenora failed to deed the property to Paul as agreed in the Stipulation but argued that Lenora's interest should be divested—whether through a claim by Paul's Estate to enforce the Stipulation or through his claim to quiet title.

Lenora also challenges the court's finding that the title report indicated that "[n]o examination had been made of the title . . . and [the report] []do[es] not include additional matters which might have been disclosed by an examination of the record title." Additionally, Lenora challenges the circuit court's finding that "[t]he circumstantial evidence produced indicates that Paul Bryant believed that the March 19, 1991 [s]tipulation, [c]ourt [o]rder and [j]udgment were followed, and Paul Bryant was the sole owner of the [Property]."

[¶19.] These findings are well supported by the record. The warranty deeds from both Paul and Marion provided that the grantor, "GRANTS, CONVEYS AND WARRANTS" the Property to the grantee without limitation. Additionally, at trial, Martin testified that Black Hills Title Company had not obtained a copy of the Stipulation when it completed its title report. And, in addition to the warranty deed transferring the Property from Paul to Marion, Paul's belief that he was the sole owner was also supported by testimony that Jay and Paul had made several improvements to the land after the divorce and that Lenora "had nothing to do with the [Property.]" Therefore, the circuit court did not clearly err in its findings of fact.

>   b.   *Conclusions of law*

[¶20.] Lenora also argues the circuit court erred in its legal conclusions. She first challenges the conclusions of law involving the court's determination of Lenora's intent through the application of contract principles to the Stipulation between Lenora and Paul. Specifically, Lenora argues that the circuit court erred by concluding that the Stipulation reflects Lenora's intent "to transfer her undivided one half interest in the 40 acres to Paul . . . in exchange for the other

described property[,]" that Lenora would "transfer and convey [her] undivided half interest in the 40 acres to Paul" by deed, and that a "deed was not [recorded]" or "produced at trial."

[¶21.] The circuit court appropriately ascertained the parties' intentions based upon the unambiguous terms of the Stipulation. "Divorce stipulations are governed by the rules of contract[.]" *Coffey v. Coffey*, 2016 S.D. 96, ¶ 8, 888 N.W.2d 805, 808 (citation omitted). "[I]n determining the proper interpretation of a contract[,] the court must seek to ascertain and give effect to the intention of the parties." *Id.* (citations omitted).

[¶22.] The Stipulation provided that Paul "shall take [the Property] as his own and separate property, free and clear from any claim of [Lenora]," and "[t]hat each of the parties hereto hereby agree[] to execute any and all documents necessary to carry into full force and effect the provisions contained in this document." Based upon this language, the circuit court properly concluded as a matter of law that the parties intended that Lenora would transfer her interest in the Property to Paul by deed.

[¶23.] Lenora also argues the circuit court erred in entering conclusions of law applying principles of judicial estoppel. Conclusion of law 21 provides, "In this subsequent action to quiet title to the same 40 acres, Lenora . . . is asserting an inconsistent position—that she is not bound by her prior agreement to transfer and convey her undivided half interest in the [Property]." Conclusion of law 22 provides, "If this [c]ourt adopts Lenora['s] . . . now inconsistent position, it would result in an unfair gain because according to trial testimony, Lenora did receive the

other property and valuable consideration from Paul[,] . . . but Paul did not receive Lenora's interest in the [Property] as [o]rdered by the [c]ourt." And conclusion of law 24 provides, "Thus, under the principle of judicial estoppel, Lenora . . . is estopped and precluded from arguing that she continues to own an undivided half interest in the [Property]."

[¶24.] In the Stipulation, Lenora agreed to transfer her interest in the Property to Paul and Paul agreed to transfer his interest in a separate piece of property to Lenora. The circuit court in the divorce action accepted and approved the Stipulation as a part of the resolution of the divorce between the parties, and the parties were obligated by the decree of divorce to fulfill the terms of the Stipulation. Although Lenora conceded that she received her property as agreed to in the Stipulation, Lenora did not deed her interest in the Property to Paul. Despite the Stipulation and divorce decree incorporating the same, Lenora now argues she is not bound by that prior agreement and claims she maintains a one-half interest in the Property.

[¶25.] The parties were given a full opportunity to address the circuit court's proposed application of judicial estoppel and, aside from now arguing on appeal that it was improper for the circuit court to request legal argument on this issue, Lenora has failed to articulate any legal basis upon which the court misapplied judicial estoppel. *See Healy Ranch P'ship v. Mines*, 2022 S.D. 44, ¶ 53, 978 N.W.2d 768, 782 (quoting *Hayes*, 2014 S.D. 64, ¶ 13, 853 N.W.2d at 882) ("[B]ecause judicial estoppel is intended to protect the integrity of the fact-finding process by administrative agencies and courts, the issue may properly be raised by courts, even at the

appellate stage, on their own motion[.]"). Further, the circuit court concluded, on facts that are undisputed, that Lenora's position in this action is inconsistent with her position in the divorce; that her position was judicially accepted in the divorce; and that Lenora would derive an unfair advantage, and impose an unfair detriment on Paul and his successors in interest, if she were allowed to argue she is not bound by the Stipulation after receiving the property provided for in the Stipulation.

[¶26.] The circuit court properly applied judicial estoppel to preclude Lenora from claiming an interest in the Property after she agreed in the divorce to convey her interest in the Property to Paul and received the benefit of the other property from Paul. As a part of the decree of divorce, the parties were obligated to convey their respective interests to one another consistent with the Stipulation. Lenora's failure to do so, while intentionally asserting an "inconsistent position" in this action by claiming an interest in the Property, cannot be countenanced by the courts. We affirm the circuit court's judgment quieting title in favor of Jay and Jed.

[¶27.] SALTER, DEVANEY, MYREN, and GUSINSKY, Justices, concur.